UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

NETWORK F.O.B., INC., a Minnesota corporation,

        Plaintiff,

v.

P & J EXPRESS, LLC,

        Defendant.

Case No. 13-CV-3656 (PJS/LIB)

ORDER

---

Paul O. Taylor, TAYLOR & ASSOCIATES, LTD., for plaintiff.

Douglas Grawe and Scott D. Festin, GRAWE LAW PLLC; Robert G. Rothstein, LAW OFFICE OF ROBERT G. ROTHSTEIN PLLC, for defendant.

Plaintiff Network F.O.B., Inc. ("Network F.O.B.") alleges that it hired defendant P & J Express, LLC ("P & J Express") to transport a shipment of produce from Arizona to Canada. According to Network F.O.B., however, the truck carrying the produce was involved in a traffic accident while in route to Canada, resulting in a total loss to the produce. Network F.O.B. seeks recovery from P & J Express pursuant to 49 U.S.C. § 14706 for the value of the produce, freight charges, lost profits, and certain incidental costs.

This matter is before the Court on the motion of P & J Express to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). P & J Express contends that dismissal of the complaint is warranted for three reasons. First, P & J Express argues that the claim pleaded in the complaint is preempted by federal law. Second, P & J Express argues that the complaint fails to plausibly allege that P & J Express received the produce in good condition — an essential element of a claim brought pursuant to § 14706. *See Nat'l Transp., Inc. v. Inn Foods, Inc.*, 827 F.2d 351,

353-54 (8th Cir. 1987) ("In an action to recover for loss, the shipper must establish that (1) the shipper delivered goods to the carrier, (2) the goods were in good condition at the time of delivery, (3) the goods arrived in damaged condition, and (4) the shipper suffered damages."). And third, P & J Express argues that the complaint does not plausibly allege that Network F.O.B. timely pursued non-judicial remedies before bringing this case.[1]  For the reasons explained below, P & J Express's motion to dismiss is denied.

First, P & J Express argues that "Plaintiff's claim cannot survive" because § 14706 "is the exclusive cause of action and sole remedy for Plaintiff's claim."  ECF No. 8 at 4-5.  This argument is perplexing, as the *only* claim that Network F.O.B. makes in its complaint is a claim pursuant to § 14706.  Thus, whether § 14706 forbids Network F.O.B. from bringing state-law claims is irrelevant, as Network F.O.B. has not brought such claims.

Second, P & J Express argues that the complaint fails to plausibly allege that the produce was in good condition when it was delivered to P & J Express.  *See Nat'l Transp., Inc.*, 827 F.2d at 354 ("[T]he shipper must establish that . . . the goods were in good condition at the time of delivery . . . .").  The Court disagrees.  The complaint alleges that P & J Express "signed the

---

[1]P & J Express also argues that, even if the claim pleaded by Network F.O.B. is not dismissed, Network F.O.B. should not be permitted to recover attorney's fees, freight charges, lost profits, or any other losses arising out of the accident other than the value of the produce. Network F.O.B. concedes that it may not recover attorney's fees pursuant to § 14706, but argues that it is entitled to "all reasonably foreseeable consequential damages," including the other categories just mentioned.  *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 931 (7th Cir. 2003).  Network F.O.B. is correct.  As noted by the Supreme Court, the text of the statute at issue in this case is "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination."  *Se. Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) (quotation omitted).  Courts have regularly permitted recovery of reasonably foreseeable damages of the kind sought by Network F.O.B.  *See Yellow Freight Sys., Inc.*, 325 F.3d at 931-35 (examining cases).

bill of lading without notation or exception, indicating receipt of the shipment in good

condition." Compl. ¶ 8 [ECF No. 1-1]. Attached to the complaint is what appears to be a copy

of the signed bill of lading. *See* ECF No. 1-1 at 9. The bill of lading indicates — as alleged in

the complaint — that P & J Express noted no damage to the produce at the time of delivery. *See*

*Minn. Majority v. Mansky*, 708 F.3d 1051, 1056 (8th Cir. 2013) ("A court reviewing a motion to

dismiss may also consider . . . materials that are necessarily embraced by the pleadings."

(quotation omitted)). Whether or not this evidence will be sufficient, in and of itself, to establish

at trial that the produce was delivered to P & J Express in good condition is beside the point. *See*

*Pillsbury Co. v. Ill. Cent. Gulf. R.R.*, 687 F.2d 241, 244 (8th Cir. 1982). The question is the

sufficiency of the *complaint* — not the sufficiency of the *evidence* — and Network F.O.B.'s

complaint plausibly alleges that the produce was delivered in good condition. *See Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to state a claim, complaint must contain enough

facts to be plausible).

    Third, P & J Express argues that Network F.O.B. failed to plausibly allege that a claim

was filed with P & J Express notifying it of the loss suffered as a result of the accident and

seeking reimbursement for that loss. Again, however, Network F.O.B. has met its burden under

Rule 8. The complaint alleges that the entity expecting final delivery of the produce filed a claim

with P & J Express seeking recovery in an amount identical to the recovery sought in the

complaint. *See* Compl. ¶ 10. Moreover, Network F.O.B. has attached to the complaint what

appears to be a copy of the claim filed with P & J Express. *See* ECF No. 1-1 at 10. Again, the

question is not whether P & J Express has sufficient evidence to recover at trial, but whether it

has plausibly alleged that a claim was filed with P & J Express prior to the filing of the complaint.  It has.

In sum, the complaint alleges sufficient facts to state a plausible claim for relief pursuant to § 14706.  Accordingly, the motion to dismiss of P & J Express is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion to dismiss of defendant P & J Express, LLC [ECF No. 6] is DENIED.

Dated: March  17 , 2014

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge